FILED

OCT 21 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  GGV           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case #: 21-CR-2230-JLS |
| Plaintiff, ) | ORDER TO ALLOW MATERIAL WITNESS DEPOSITIONS |
| v. ) | |
| WAFA HIRZALLA MURAD, ) | |
| Defendant. ) | |

ORDER

Pursuant to the motion of Material Witness(es) JOSE LUIS ROSALES-FLORES (hereinafter collectively referred to as "material witness(es)" or individually as "the witness") by and through their attorney, John F. Kelly, and good cause appearing:

1. The material witnesses, if still being held in custody, in case number 21-CR-2230-JLS shall be deposed on or before 11/12/2021, beginning at 10AM. The depositions will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California. An employee of the United States Attorney's Office shall serve as the videographer.

2. All parties shall attend the material witness depositions, meaning the United States and the defendants. If in custody, the above-named defendants shall be brought separately to the depositions, and an agent or officer from the Department of Homeland Security shall remain present during the entire proceedings. If a defendant is not in custody and is not present, the defendant's appearance shall be made in absentia by his

attorney of record. The arresting agency shall bring the material witnesses to the deposition.

3. The United States Attorneys Office shall arrange for a federally court-certified Spanish language interpreter to be present to translate for the material witnesses. The cost of the interpreter for the material witnesses shall be borne by the United States pursuant to 28 U.S.C. §1827(c)(2).

4. If a defendant, represented by counsel appointed under the Criminal Justice Act ("CJA"), needs an interpreter other than the interpreter for the material witnesses (if any), defense counsel shall arrange for a federally court-certified interpreter, or otherwise qualified interpreter (28 U.S.C. §1827(2)), to be present. The cost of a separate interpreter for the defendants shall be paid with CJA funds. Interpreters procured by Federal Defenders of San Diego, Inc. are paid with its funds.

5. The United States Attorneys Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter and transcript shall be borne by the United States Attorneys Office.

6. The United States Attorneys Office shall provide a videographer (hereinafter referred to as "operator") to record the testimony of the material witnesses by way of an instant visual display method.

7. The depositions shall be recorded by digital audio and video technology or other electronic digital means, which records sound as well as visual images. At the conclusion of the depositions, on the record, the witness may elect to review the digital video recording or electronic digital recording (hereinafter referred to as "video recording") of the depositions to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing, signed by the witnesses, delivered to the notary in a sealed envelope and filed

in the same fashion as described in Paragraph 20 below, unless the parties agree on the record to a different procedure.

8. The operator shall select and supply all equipment required to video record the depositions, and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witnesses and assures clear reproduction of both the witness' testimony and the statements of counsel. The witnesses, or any party to the action, may object on the record to the manner in which the Operator handles of any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the video recording. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis of such objections.

9. The depositions shall be recorded in a fair, impartial and objective manner. The video recording equipment shall be focused on the witnesses. However, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witnesses.

10. Before examination of each witness begins, the Assistant U.S. Attorney shall state on the record (a) his/her name, (b) the date, time and place of the depositions, (c) the name of the witness, (d) the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness on the record. Prior to any counsel beginning an examination of the witness, that counsel shall identify himself/herself and his/her respective client on the record.

11. Once the depositions begin, the operator shall not stop the video recorder until the depositions conclude, except that, any party or the witness may request a brief recess, which request shall be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the depositions

require the use of more than one storage disk or drive, the operator shall sequentially identify on the record the end and beginning of each storage device.

12. All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the Court to consider. All objections shall be deemed waived unless made during the depositions.

13. The party offering the depositions in evidence at trial shall provide the Court with a transcript of the portions so offered.

14. Copies of all exhibits utilized during the video recorded depositions shall be marked for identification during the depositions and filed along with the video record.

15. At the conclusion of each deposition, any objection, including the basis, to release of the material witness from custody shall be stated on the record. If there is no objection, then in accordance with Federal Rules of Criminal Procedure Rule 15(a)(2), the attorney for the material witnesses shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witnesses" and submit the Order to the Clerk of the Court for the Judge's signature. Prior to release from custody the attorney for the Government shall serve the material witnesses with a subpoena for the trial date, a travel fund advance letter, and written authorization to enter the United States to testify at trial.

16. If any party objects on the record to the release of a material witness from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case, or to such other district judge or magistrate judge as is appropriate. Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of each respective deposition, with a courtesy copy to chambers. The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's

satisfaction an appropriate legal basis for the material witnesses to remain in custody. If, after the hearing, the Court orders the release of the material witnesses, the material witness' attorney shall immediately present the release order to the Court for signature and filing. Before release of the material witnesses from custody, the Government shall serve the material witnesses with a subpoena for the trial date, a travel fund advance letter and written authorization to legally enter the United States to testify at trial.

17. The party offering the depositions in evidence at trial shall provide the Court with a transcript of the portions so offered. If requested by a party, the depositions testimony, if offered other than for impeachment, may be presented in nonstenographic video format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. See Fed.R.Civ.P. 32(c)

18. Copies of all exhibits utilized during the video recorded depositions shall be marked for identification during the depositions and filed along with the video recording.

19. The operator shall provide a copy of the video recorded depositions to any party who requests a copy at the cost of the U.S. Attorney. After preparing the requested copies, if any, the operator shall deliver the original video recording to the notary, along with a certificate signed by the operator attesting that it is an accurate and complete recording of the depositions.

20. The notary shall file with the Clerk of Court in a sealed envelope the original video recording, along with any exhibits offered during the depositions. The sealed envelope shall be marked with the caption of the case, the name of the witnesses, and the date of the depositions. To that envelope, the notary shall attach the certificate of the operator. If all counsel stipulate on the record, the Government may maintain the original video recording until production is ordered by the Court or requested by any party.

21. Unless waived by the parties, the notary shall give notice to all parties of the filing of the video recorded depositions with the Court pursuant to Federal Rule of Civil

Procedure 30(f)(3).

IT IS SO ORDERED.

DATED: 10/21/2021

NITA L. STORMES
United States Magistrate Judge